IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JORDAN L. RAUCH,

      Plaintiff,

v.                                  Case No. 3:20-cv-00664

WAYNE COUNTY DEPARTMENT
OF HEALTH AND HUMAN RESOURCES, et al.,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Jordan L. Rauch's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), as well as his Complaint, (ECF No. 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge and, by Standing Order, has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned **RECOMMENDS** that Rauch's Complaint, (ECF No. 2), be **DISMISSED**, with prejudice, and removed from the docket of the Court. In light of the recommended dismissal, Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), is **DENIED**, as moot.

## I.   Relevant Facts

Rauch is currently a prisoner housed at the Mount Olive Correctional Complex in Mount Olive, West Virginia, serving a sentence of imprisonment imposed by the Circuit Court of Wayne County, West Virginia. According to the West Virginia Division

of Corrections inmate locator database, Rauch was convicted in March 2007 of multiple counts of Sexual Abuse in the First Degree. *See* West Virginia Division of Corrections, *Offender Search*, https://apps.wv.gov/ois/offendersearch/doc.

On October 8, 2020, Rauch filed the instant handwritten *pro se* Complaint requesting that this Court order the Wayne County Department of Health and Human Resources and Child Protective Services ("WVDHHR") and various other defendants to "release all video/DVDs and statements" of two children "alleging sexual abuse by plaintiff in 2005." (ECF No. 1 at 4-5). According to Rauch, he has repeatedly requested the production of these materials over the last ten years, because he believes that they will help him with a petition for habeas corpus and appeals. He claims that the defendants' refusal to provide the records "is interfering with [his legal] procedures." (*Id.*). The additional defendants named by Rauch include retired Wayne County Circuit Judge Darrell R. Pratt, current Wayne County Circuit Judge James H. Young, Jr., Dee Dee Fergerson, Birdi Fergerson, Thomas M. Plymale, and Helen Walls, although Rauch provides little factual support for their inclusion in the action. (*Id.* at 1–5). Rauch indicates that, in July 2020, he filed a lawsuit in the Circuit Court of Wayne County, requesting the same relief as sought herein, and that case remains pending. However, Rauch suggests that he might withdraw the state court action in order to have his claim determined by this Court. (*Id.* at 2). In addition to the records, Rauch requests $10,000 for suffering, stress, and punitive damages, "as well as any attorney fees and any [and] all other releif [sic] this Court deems just [and] fit." (*Id.* at 6).

II.    **Standard of Review**

Pursuant to the provisions of 28 U.S.C. § 1915, the Court must screen each case in which a prisoner seeks to proceed *in forma pauperis*. Further, under 28 U.S.C. §

1915A, the Court must screen each case in which "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *Anders v. California*, 386 U.S. 738, 744 (1967); *Denton v. Hernandez*, 504 U.S. 25 (1992), or lacks "an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Likewise, a complaint fails to state a compensable claim, and therefore should be dismissed, when viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court further clarified the "plausibility" standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

This Court is required to construe *pro se* pleadings liberally, such as the one filed in this civil action. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the pleading must state sufficient factual allegations to support a valid legal cause of action. The Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In the course of its initial screening, the Court should consider whether it has subject matter jurisdiction over the claims raised by the plaintiff. Subject matter jurisdiction in the United States District Courts exists when a "federal question" is presented, or when there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, "[a] district court has 'an independent obligation to determine whether subject matter jurisdiction exists, even when no party challenges it.'" *Greene v. Joyner*, No. JFM-17-688, 2017 WL 1194175, at *2 (D. Md. Mar. 30, 2017). Whether this Court has jurisdiction depends upon the allegations contained in the complaint. *See Pinkley*, 191 F.3d at 399 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936) (holding "the party who seeks the exercise of jurisdiction in his favor … must allege in his pleadings the facts essential to show jurisdiction")). If the allegations fail to establish subject matter jurisdiction, the Court must dismiss the action. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("As we have recognized, a federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction.").

## III.    <u>Analysis</u>

Having conducted a preliminary review of the Complaint, the undersigned **FINDS** that this Court lacks subject matter jurisdiction over Rauch's demand for the production of WVDHHR records, as this demand is nothing more than a petition for a writ of mandamus directed to a state agency. With respect to Rauch's claim for money damages, while the Court may exercise jurisdiction over such a claim brought pursuant

to 42 U.S.C. § 1983, Rauch fails to state a *prima facie* case that would entitle him to money damages. Accordingly, the undersigned **FINDS** that Rauch's claim for money damages must also be dismissed.

### A.     Petition for a Writ of Mandamus

Rauch requests that this Court order a state government agency to provide him with videos and documents that he appears to believe he is entitled to possess, and while no statute or authority forms the basis for an injunction, the action is properly construed as a petition for a writ of mandamus. *See Brumley v. Holder*, 2013 WL 1456314 (D.D.C. Apr. 10, 2013) (construing *pro se* petitioner's request for the court to order the Attorney General deposed as a petition for a writ of mandamus); *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275 (5th Cir. 1973) (construing *pro se* petitioner's request for the court to order the state court clerk to produce transcripts for petitioner's use in preparation of appeals as a petition for a writ of mandamus). A writ of mandamus is an extraordinary writ that exists for the sole purpose of aiding courts in the exercise of their appellate jurisdiction and "in such cases as are already pending and wherein jurisdiction has been obtained on other grounds and by other process." *Gurley v. Superior Court of Mecklenburg,* 411 F.2d 586, 587 (4th Cir. 1969). Title 28 U.S.C. § 1361 provides that United States District Courts have original jurisdiction "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." A federal court may only issue a writ of mandamus against an employee or official of the United States and may only command that employee or official "to perform a mandatory or ministerial duty, rather than one that is purely discretionary." *Ocean Breeze Festival Park v. Reich,* 853 F. Supp. 906, 915 (E.D. Va. 1994), *aff'd by Virginia*

*Beach Policeman's Benevolent Association v. Reich*, 96 F.3d 1440 (4th Cir. 1996).

This Court has no general power to compel action by the WVDHHR, nor any of its employees acting in their official capacity. While courts may at times compel litigants to produce videos and other documentation during the course of discovery in an active case, no statute or other law provides a standalone cause of action whereby this Court could issue an order granting the relief Rauch seeks here. "[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties...." *Moye*, 474 F.2d at 1275–76. Simply stated, "[t]his court has no original jurisdiction in the matter now presented." *Gurley* at 587. Therefore, the undersigned **FINDS** that Rauch's petition for a writ of mandamus fails to establish this Court's jurisdiction over his claim.

### B.    Claim for Damages Under § 1983

Rauch seeks $10,000 in monetary damages for alleged suffering, stress, punitive damages, and attorney fees related to the defendants' alleged failure to provide him with the WVDHHR records. (ECF No. 2 at 6). This claim is akin to a request for monetary damages under 42 U.S.C. § 1983, which allows a plaintiff to seek compensation when he alleges his constitutional or statutory rights have been violated by a person acting under color of state law. *See, e.g.*, *Scott v. Wise Cty. Dep't of Soc. Servs.*, 2020 WL 6081890 (W.D. Va. Oct. 15, 2020) (construing *pro se* complaint requesting damages for unconstitutional search as an action under § 1983). Congress enacted § 1983 "to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Monroe v. Pape,* 365 U.S. 167, 171-172 (1961). In order to state a viable claim under § 1983, a plaintiff must show that: (1) a

person deprived him or her of a federally protected civil right, privilege, or immunity and (2) that the person did so under color of State law. *See American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999).

Plaintiff's claim for money damages under § 1983 is governed by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(e). The PLRA expressly prohibits the filing of civil actions by prisoners "confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Although the PLRA does not define "physical injury" and the Fourth Circuit has not provided a definition, other courts have held that the "physical injury" referenced by the Act need not be significant, but must be more than *de minimis*. *See, e.g., Flanory v. Bonn,* 604 F.3d 249, 254 (6th Cir. 2010); *Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1312–13 (11th Cir. 2002); *Siglar v. Hightower,* 112 F.3d 191 (5th Cir. 1997); *Zehner v. Trigg,* 952 F. Supp. 1318 (S.D. Ind. 1997);  *See also Hammond v. S.C. Dep't of Corr*., No. C.A. 4:06-3357, 2007 WL 2822394, at \*4 (D.S.C. Sept. 25, 2007) (the plaintiff's complaints of eye, skin, and throat irritation after being sprayed with mace did not provide a serious or significant physical injury as the plaintiff never sought medical treatment); *Webb v. McKnight*, No. CIV.A. 7:06CV00734, 2006 WL 3761382, at \*2 (W.D. Va. Dec. 20, 2006), *aff'd*, 225 F. App'x 117 (4th Cir. 2007) ("[T]he injuries of which [the plaintiff] complains—indigestion, constipation, headaches, occasional vomiting, and emotional distress—are not sufficiently serious to rise to the level of an Eighth Amendment violation."); *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988) ("The sliver of glass in [the plaintiff's] palm was no doubt uncomfortable, but it was not a serious injury."); *Alexander v. Tippah Cty., Miss*., 351 F.3d 626, 631 (5th Cir. 2003) (dismissal of claims

where inmates were held in small cell with clogged toilet drain and exposed to sewage for 24 hours as only physical injuries, nausea and vomiting, were not "severe enough to warrant medical attention" and were not "a symptom of some more serious malady, or had any lasting effects"); *Laughlin v. Mayor of Duffield*, VA, No. 7:07CV00491, 2007 WL 3339504, at *1 (W.D. Va. Nov. 7, 2007) (collecting cases).

"A plaintiff seeking compensatory damages for emotional distress cannot rely on 'conclusory statements that the plaintiff suffered emotional distress [or] the mere fact that a constitutional violation occurred,' but, rather, 'the testimony must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated.'" *Knussman v. Maryland*, 272 F.3d 625, 640 (4th Cir. 2001) (quoting *Price v. City of Charlotte*, 93 F.3d 1241, 1254 (4th Cir. 1996)). This Court, as well as other courts in the Fourth Circuit, have found that "generalized claims of adverse mental health" are not sufficient to establish a significant mental injury without some further specification. *See Germain v. Bishop*, No. CV TDC-15-1421, 2018 WL 1453336, at *13 (D. Md. Mar. 23, 2018); *see also Powell v. Fed. Bureau of Prisons*, No. 1:08-CV-00199, 2009 WL 3160124, at *4 (S.D.W. Va. Sept. 25, 2009) ("Plaintiff merely alleges that she has suffered 'mental anguish' as a result of the above conditions of confinement," which is not sufficient to state a plausible Eighth Amendment claim); *In re Long Term Admin. Segregation of Inmates Designated as Five Percenters*, 174 F.3d 464, 472 (4th Cir. 1999) (inmates failed to sufficiently specify a mental injury where they said only that "the overall conditions of their confinement [placed] them under 'great stress' and caused them 'great emotional and physical suffering.'"); *Gannon v. Cent. Virginia Reg'l Jail*, No. CIV.A. 7:08CV00394, 2008 WL 2853629, at *1 (W.D. Va. July 22, 2008) (dismissing the plaintiff's claim where "the injuries are entirely speculative and thus

are not sufficiently serious to rise to the level of an Eighth Amendment violation.").

However, even if Rauch had asserted an injury sufficient to allow a claim for mental distress under § 1983, the defendants here are not subject to liability for money damages. Rauch names seven defendants: the WVDHHR, retired Wayne County Circuit Judge Darrell R. Pratt, current Wayne County Circuit Judge James H. Young, Jr., Dee Dee Ferguson, Birdi Ferguson, Thomas M. Plymale, and custodian of records Helen Walls. (ECF No. 2). It is well established that Judges Young and Pratt are immune from damages requested pursuant to § 1983. *Pierson v. Ray*, 386 U.S. 547, 553 (1967) (holding that common law judicial immunity applies in actions under § 1983); *King v. Nalley*, 737 F. App'x 163 (4th Cir. 2018) (upholding judicial immunity even when judge's actions were "outrageous and unlawful"); *Stump v. Sparkman*, 435 U.S. 349, (1978). Likewise, "Tomas M. Plymel prosecutor," (ECF No. 2 at 2), which this Court assumes refers to Thomas Plymale, the Prosecuting Attorney for Wayne County, is immune from damages sought under § 1983. *Imbler v. Pachtman*, 424 U.S. 409 (1976) (affirming that prosecutorial immunity applies in § 1983 cases); *Mateen-El v. Bell*, 747 F. App'x 169, 170 (4th Cir.), cert. denied, 140 S. Ct. 78 (2019) (same). Rauch does not provide any facts to suggest that immunity would not apply to these defendants.

Similarly, the WVDHHR is immune from suits for damages under the protection of the Eleventh Amendment to the U.S. Constitution. The Eleventh Amendment provides, in relevant part, that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although the Eleventh Amendment refers only to suits by

citizens of other states, the United States Supreme Court has construed the Amendment to "establish that an unconsenting State is immune from suits brought in federal court by her own citizens as well as by citizens of another state." *Port. Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (2009) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)) (markings omitted). The immunity created by the Amendment protects both the State, itself, and its agencies, divisions, departments, officials, and other "arms of the State." *Taylor v. Ozmint*, Case No. 0:10–50–HMH–PJG, 2011 WL 286133, at *2 (D.S.C. Jan. 7, 2011) (citing *Will* 491 U.S. at 70); *see also Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1977) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities.").

Recently, after examining the issue in detail, this Court held that "[WV]DHHR is an executive department of the State and enjoys sovereign immunity from suit." *Domestic Violence Survivors Support Grp., Inc. v. Crouch*, No. 2:18-CV-00452, 2020 WL 5949897, at *10 (S.D.W. Va. Oct. 7, 2020) (basing its finding on the relationship of the DHHR to the West Virginia executive branch). *See also Shaffer v. Stanley*, 593 S.E.2d 629, 639 (W. Va. 2003) (citing W. Va. Code § 9–2–1a); *see also Workman v. Mingo Cnty. Schs.*, No. 2:09-cv-00325, 2009 WL 10705163, at *3 (S.D.W. Va. 2009) (because "an act of the West Virginia Legislature created DHHR and allowed it to operate as part of the executive branch," "DHHR is an arm of the state and not subject to this suit pursuant to the Eleventh Amendment"); *Edison v. W. Virginia ex rel. WV Dep't of Health & Human Servs. Bureau of Child Support Enf't*, No. 2:18-CV-00411,

2019 WL 8137129, at *6 (S.D.W. Va. Nov. 5, 2019), *report and recommendation adopted sub nom. Edison v. W. Virginia ex rel. WV Dep't of Health & Human Res., Bureau of Child Support Enf't*, No. 2:18-CV-00411, 2019 WL 6705006 (S.D.W. Va. Dec. 9, 2019) (holding that DHHR is immune from suit under the Eleventh Amendment). The alleged custodian of records, Helen Walls, is also immune from a suit for damages. *See Edelman v. Jordan*, 415 U.S. 651, 678 (1974) (holding that the Eleventh Amendment bars retroactive monetary relief against state officials). Rauch appears to base his claim for damages on the WVDHHR's purported failure to give him videos of children alleging abuse by him, but this Court has held that WVDHHR employees are not subject to a claim for damages for the performance of their official duties. *Frederick v. W. Virginia Dep't of Health & Human Servs.*, No. 2:18-CV-01077, 2019 WL 1198027, at *17 (S.D.W. Va. Feb. 15, 2019), *report and recommendation adopted*, No. 2:18-CV-01077, 2019 WL 1173358 (S.D.W. Va. Mar. 13, 2019), *reconsideration denied*, No. 2:18-CV-01077, 2019 WL 1748532 (S.D.W. Va. Apr. 18, 2019) (holding that WVDHHR employees are immune from suit "to the extent that [they] have been named as defendants in their official capacities").

As to the remaining defendants, Dee Dee Fergerson and Birdi Fergerson, Rauch provides no factual allegations outlining potentially wrongful actions by either one, and does not provide any information whatsoever about their connection to his request for documents belonging to the WVDHHR. Rauch does not explain how these defendants would have the authority or ability to possess, control, and produce records belonging to a governmental agency; particularly, records of highly sensitive matters involving minor children. In short, Rauch fails to allege any facts that would implicate these defendants. Therefore, because Rauch wholly fails to state any legal or factual basis to

support his claim for damages against any of the defendants, the undersigned **FINDS** that his complaint must be dismissed.

## IV.    <u>Proposal and Recommendations</u>

The undersigned respectfully **PROPOSES** that the United States District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Plaintiff's Complaint, (ECF No. 2), be **DISMISSED**, with prejudice, and removed from the docket of the Court. In light of the recommended dismissal, Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), is **DENIED**, as moot.

The plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the plaintiff.

**FILED:** November 6, 2020

Cheryl A. Eifert
United States Magistrate Judge